SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
BRADLEY J. LEIMKUHLER, Cal. Bar No. 261024
bleimkuhler@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:   714.513.5130

Attorneys for Defendant,
TAMARA MELLON BRAND, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| REBECCA CASTILLO, an individual<br><br>Plaintiff,<br><br>v.<br><br>TAMARA MELLON BRAND, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**DEFENDANT TAMARA MELLON BRAND, INC.'S NOTICE OF INTERESTED PARTIES AND CORPORATE DISCLOSURE STATEMENT**<br><br>Los Angeles County Superior Court Case No.19PSCV00979<br><br>Action Filed:    October 30, 2019<br>Trial Date:      None Set |

Defendant Tamara Mellon Brand, Inc. (hereinafter "Defendant"), in answer to plaintiff Rebecca Castillo's (hereinafter "Plaintiff") Complaint, admits, denies, and alleges as follows:

## INTRODUCTION

1. In response to Paragraph 1 of the Complaint, Defendant is without sufficient information for Defendant to admit or deny and Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

2. In response to Paragraph 2 of the Complaint, Defendant denies each and every allegation. In addition, Defendant denies that a website can be sued under the laws asserted by Plaintiff. *See Robles v Domino's Pizza, LLC,* Case No. 2:16-cv-06599-SJO-FFM (C.D. Cal. March 20, 2017) (appeal pending). Domino's Opinion attached as Exhibit A. *See Martinez v. San Diego County Credit Union,* Superior Court of California, County of San Diego, Case No. 37-2017-00024673-CU-CR-NC (Cal. Sup. Nov. 19, 2018) (court dismisses website case because the ADA and the Unruh Act do not apply to websites). San Diego County Credit Union Opinion attached as Exhibit B.

3. In response to Paragraph 3 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

4. In response to Paragraph 4 of the Complaint, Defendant denies each and every allegation.

## JURISDICTION AND VENUE

5. In response to Paragraph 5 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

6. In response to Paragraph 6 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## **PARTIES**

7. In response to Paragraph 7 of the Complaint, Defendant denies each and every allegation.

8. In response to Paragraph 8 of the Complaint, Defendant admits only that Plaintiff is not a bona fide patron. With respect to the remaining allegations, Defendant denies all of them.

9. In response to Paragraph 9 of the Complaint, Defendant admits only that Plaintiff is not a bona fide patron. With respect to the remaining allegations, Defendant denies all of them.

10. In response to Paragraph 10 of the Complaint, Defendant admits only that Plaintiff is not a bona fide patron. With respect to the remaining allegations, Defendant denies all of them.

11. In response to Paragraph 11 of the Complaint, Defendant denies each and every allegation.

12. In response to Paragraph 12 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

13. In response to Paragraph 13 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

14. In response to Paragraph 14 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

15. In response to Paragraph 15 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

16. In response to Paragraph 16 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

**VISUALLY IMPAIRED PERSONS' ACCESS TO THE INTERNET**

17. In response to Paragraph 17 of the Complaint, Defendant is without sufficient information for Defendant to admit or deny and Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

18. In response to Paragraph 18 of the Complaint, Defendant is without sufficient information for Defendant to admit or deny and Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

19. In response to Paragraph 19 of the Complaint, Defendant is without sufficient information for Defendant to admit or deny and on that basis, denies each and every allegation.

20. In response to Paragraph 20 of the Complaint, Defendant is without sufficient information for Defendant to admit or deny and on that basis, denies each and every allegation.

21. In response to Paragraph 21 of the Complaint, Defendant is without sufficient information for Defendant to admit or deny and on that basis, denies each and every allegation.

22. In response to Paragraph 22 of the Complaint, Defendant is without sufficient information for Defendant to admit or deny and on that basis, denies each and every allegation.

23. In response to Paragraph 23 of the Complaint, Defendant is without sufficient information for Defendant to admit or deny and Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

24. In response to Paragraph 24 of the Complaint, Defendant is without sufficient information for Defendant to admit or deny and Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

25. In response to Paragraph 25 of the Complaint, Defendant is without sufficient information for Defendant to admit or deny and Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

26. In response to Paragraph 26 of the Complaint, Defendant denies each and every allegation.

## FACTUAL BACKGROUND

27. In response to Paragraph 27 of the Complaint, Defendant admits only that the subject website speaks for itself. With respect to the remaining allegations, Defendant is not required to answer legal conclusions and argument, and on that basis, denies all of them.

28. In response to Paragraph 28 of the Complaint, Defendant admits only that the subject website speaks for itself. With respect to the remaining allegations, Defendant is not required to answer legal conclusions and argument, and on that basis, denies all of them.

29. In response to Paragraph 29 of the Complaint, Defendant admits only that the subject website speaks for itself. With respect to the remaining allegations, Defendant is not required to answer legal conclusions and argument, and on that basis, denies all of them.

30. In response to Paragraph 30 of the Complaint Defendant denies each and every allegation.

31. In response to Paragraph 31 of the Complaint, Defendant denies each and every allegation.

32. In response to Paragraph 32 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

33. In response to Paragraph 33 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

34. In response to Paragraph 34 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

35. In response to Paragraph 35 of the Complaint, Defendant denies each and every allegation.

36. In response to Paragraph 36 of the Complaint, Defendant denies each and every allegation.

37. In response to Paragraph 37 of the Complaint, Defendant denies each and every allegation.

38. In response to Paragraph 38 of the Complaint, Defendant denies each and every allegation.

39. In response to Paragraph 39 of the Complaint, Defendant denies each and every allegation.

40. In response to Paragraph 40 of the Complaint, Defendant denies each and every allegation.

41. In response to Paragraph 41 of the Complaint, Defendant denies each and every allegation.

-5-
SMRH:4847-8183-0824.1    ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

42. In response to Paragraph 42 of the Complaint, Defendant denies each and every allegation.

43. In response to Paragraph 43 of the Complaint, Defendant denies each and every allegation.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT, CALIFORNIA CIVIL CODE § 51 *et seq*. [TAMARAMELLON.COM]

**(By Plaintiff Against All Defendants)**

44. In response to Paragraph 44 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth again herein, the responses contained in paragraphs 1 through 43 of this Answer as set forth above.

45. In response to Paragraph 45 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

46. In response to Paragraph 46 of the Complaint, Defendant denies each and every allegation.

47. In response to Paragraph 47 of the Complaint, Defendant denies each and every allegation.

48. In response to Paragraph 48 of the Complaint, Defendant denies each and every allegation.

49. In response to Paragraph 49 of the Complaint, Defendant denies each and every allegation.

50. In response to Paragraph 50 of the Complaint, Defendant denies each and every allegation.

51. In response to Paragraph 51 of the Complaint, Defendant denies each and every allegation.

In addition, Defendant asserts the following affirmative defenses with respect to all of Plaintiff's claims and causes of action.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Lack of Standing)

1. Plaintiff lacks standing to pursue her alleged claims. To show standing, "a plaintiff has the burden of proving: (1) that he or she suffered an "injury in fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Here, Plaintiff lacks standing to pursue her alleged claims because, among other reasons, she is not a bona fide patron, she never attempted to access Defendant's website, and/or she does not intend to access Defendant's website in the future. Indeed, Plaintiff does not even allege that she attempted to access Defendant's website on a particular date or explain what problems she allegedly encountered.

## SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2. Plaintiff's claims are barred to the extent that they are based on events that occurred more than two years prior to the date the Complaint was filed. Cal. Civ. Proc. § 335.1.

## THIRD AFFIRMATIVE DEFENSE

(Effective Access)

3. The alleged barriers provide effective access to Plaintiff. Defendant's website provided effective access to Plaintiff because any alleged noncompliance was de minimis, the website was usable and accessible despite its alleged noncompliance, and/or Plaintiff was able to use and access Defendant's website.

## FOURTH AFFIRMATIVE DEFENSE

(Removal of Access Barriers Was Not Readily Achievable)

4. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because the removal of the alleged barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

## FIFTH AFFIRMATIVE DEFENSE

(Defendant Provided Services Via Alternative Methods)

5. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant was ready and willing to accommodate Plaintiff's alleged disability by providing access via alternative methods, but Plaintiff never asked for or sought any assistance.

## SIXTH AFFIRMATIVE DEFENSE

(Unclean Hands)

6. Plaintiff's claims are barred under the doctrine of unclean hands since Plaintiff is not a bona fide patron, but a professional plaintiff who filed this lawsuit to try to extort a monetary settlement. Plaintiff's counsel, the MANNING LAW, APC is a Place of Public of Accommodation under the ADA subject to the same laws that Plaintiff pleads against Defendant. As shown below both the past and current websites for MANNING LAW, APC violate the laws that Plaintiff seeks to enforce.

/ / /

/ / /

/ / /



## SEVENTH AFFIRMATIVE DEFENSE

(Technically Infeasible)

7. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the standards for the alleged barriers identified in the Complaint would be technically infeasible.

## EIGHTH AFFIRMATIVE DEFENSE

(Undue Burden)

8. Insofar as Defendant has not made changes to its website, which Plaintiff contends should have been made, those changes were not and are not

required under federal or California law, and any requirements to make those changes would impose an undue burden upon Defendant.

### NINTH AFFIRMATIVE DEFENSE

(Reasonable Modifications to Policies, Practices and Procedures)

9. Plaintiff's claims are barred because Defendant was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's alleged disability, but Plaintiff never asked for nor sought assistance.

### TENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

10. Plaintiff failed to properly mitigate Plaintiff's alleged damages and is purposefully accessing or alleging to be deterred from accessing Defendant's website in order to improperly stack Plaintiff's damages and therefore is precluded from recovering those alleged damages.

### ELEVENTH AFFIRMATIVE DEFENSE

(Fundamental Alteration)

11. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because fixing the barriers alleged in the Complaint, would, if granted, result in a fundamental alteration of Defendant's services.

### TWELFTH AFFIRMATIVE DEFENSE

(Legitimate Business Justifications)

12. The Complaint, and each and every purported claim alleged therein, are barred because any action taken with respect to Plaintiff was for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Good Faith)

13. Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted. Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Mootness)

14. Plaintiff's claims are barred under the doctrine of mootness because Defendant's website complies with all applicable standards, if any.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Equivalent Facilitation)

15. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because Defendant provided and/or was willing to provide equivalent facilitation with respect to the barriers alleged in the Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Ripeness/Lack of Due Process)

Plaintiff's claims are barred under the doctrines of ripeness/lack of due process because the Department of Justice has not yet issued any accessibility standards for websites (as explained further in the attached letters from certain members of Congress, certain members of the Senate, and certain State Attorney Generals). *See* Exhibits D, C, and E.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Primary Jurisdiction)

17. Plaintiff's claims are barred under the doctrine of primary jurisdiction. The Department of Justice has yet to promulgate any standards and/or regulations

governing the use of websites.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Due Process)

18. Plaintiff's claims violate Defendant's constitutional right to due process.

## NINETEENTH AFFIRMATIVE DEFENSE

(Content on the Website is Provided by Another Information Content Provider)

19. Plaintiff's claims are barred pursuant to 47 U.S.C. § 230, a Provision of the Communication Decency Act, as content on the website is provided by another information content provider.

## TWENTIETH AFFIRMATIVE DEFENSE

(Effective Communication)

20. Plaintiff's claims are barred because Defendant provided effective communication.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Technically Infeasible)

21. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the standards, if any, for the alleged barriers identified in the Complaint would be technically infeasible.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Indispensable Party)

22. Plaintiff's alleged claims are barred, in whole or in part, because of Plaintiff's failure to name an indispensable party or parties.

/ / /

/ / /

/ / /

# PRAYER

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

1. That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2. That Plaintiff take nothing by way of her Complaint;

3. That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

4. For such further and other relief as the Court may deem just and proper.

Dated:  December 11, 2019

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By        /s/ *Gregory F. Hurley*
              GREGORY F. HURLEY

Attorneys for Defendant,
TAMARA MELLON BRAND, INC.

# DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury.

Dated: December 11, 2019

        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

      By   */s/ Gregory F. Hurley*
          GREGORY F. HURLEY

        Attorneys for Defendant,
      TAMARA MELLON BRAND, INC.

-14-