Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
Fax: (866) 843-8308
DisabilityRights@manninglawoffice.com

Attorneys for Plaintiff REBECCA CASTILLO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| REBECCA CASTILLO, an individual,<br><br>    Plaintiff,<br><br>v.<br><br><br>TAMARA MELLON BRAND, INC. a Delaware corporation; and DOES 1-10, inclusive,<br><br>    Defendants. | Case  No. 2:19-cv-10466-GW-MRW<br><br>Hon. Judge George H. Wu<br><br>**NOTICE OF MOTION AND MOTION TO REMAND ACTION TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES AND FOR $2,700.00 IN SANCTIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Concurrently filed with Declaration of Joseph R. Manning, Jr.; Request for Judicial Notice; and Proposed Order]<br><br>Complaint filed:   October 30, 2019<br>Removed:  December 11, 2019<br><br>Date: February 10, 2020<br>Time: 8:30 A.M.<br>Ctrm: 9D |

PLEASE TAKE NOTICE that on February 10, 2020 in Courtroom 9D of the United States Courthouse, First Street Courthouse, 350 W. 1st Street, , 9th Floor, Los Angeles, California 90012, before the Honorable George H. Wu, United States District Judge, Plaintiff Rebecca Castillo ("Plaintiff") will and hereby does move to remand

this action to the Superior Court of California for the County of Los Angeles.

Plaintiff moves to remand this action on the ground that the action does not arise under the laws of the United States and the action is not otherwise within the removal jurisdiction of this Court.  28 U.S.C. §§ 1331, 1441(a). Plaintiff also seeks payment of his attorney's fees in the amount of $2,700, incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c).

This motion is made pursuant to 28 U.S.C. § 1447(c). This motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, Declaration, the pleadings and papers on file in this action, and on such further evidence and argument as may be presented before or at the time of hearing.

This motion is made following the meet and confer with Counsel for Defendant on December 13, 2019.

Dated: January 10, 2020                    **MANNING LAW, APC**

By: *ˌ/s/ Joseph R. Manning Jr., Esq.*
Joseph R. Manning Jr., Esq.
Attorneys for Plaintiff

1

## MEMORANDUM OF POINTS & AUTHORITIES

2

### I.    INTRODUCTION

3  Plaintiff Rebecca Castillo ("Plaintiff") filed this action in the Superior Court of

4 California, and in his complaint asserted one cause of action against Defendant Tamara

5 Mellon Brand, Inc. ("Defendant") for its violation of California's Unruh Civil Rights

6 Act ("Unruh Act"), and one cause of action for declaratory relief.  Plaintiff sought

7 statutory damages, attorneys' fees and costs, and injunctive relief pursuant only to

8 the Unruh Act.

9  Defendant argues that Plaintiff has filed a civil rights action and that Plaintiff's

10 claims arise under the laws of the United States because the Complaint contains

11 violations of the Americans with Disabilities Act, 42 U.S.C. § 12182 et seq. ("ADA")

12 (Notice of Removal, ¶¶ 3-4).  Defendant is wrong.

13  The Complaint pleads and seeks relief under the Unruh Act on **two separate**

14 **and independent bases**; either of which states a claim under the Unruh Act, Civil

15 Code § 51 *et seq*:

16   1. Intentional discrimination under the Unruh Act for the construction and

17     maintenance of a website and business establishment without providing a

     means of access by persons with disabilities; and

18   2. Violation of ADA which is a *per se* violation of the Unruh Act.

19

20  Plaintiff's Complaint pleads that Defendant's discriminatory actions constitute

21 intentional discrimination. (Compl. ¶¶ 30, 47).  The ADA issue is not a "necessary

22 element" to Plaintiff's case because it is plausible that Plaintiff's Unruh Act cause of

23 action is independent of an ADA claim.  (*See Rains v. Criterion, Inc.*, 80 F.3d 339,

24 346 (9th Cir. 1996) ("When a claim can be supported by alternative and independent

25 theories—one of which is a state law theory and one of which is a federal law

26 theory—federal question jurisdiction does not attach because federal law is not a

27 necessary element of the claim.").

28

1    Second, Plaintiff specifically sought relief under the Unruh Act—not under the

2    ADA—and controlling 9th Circuit precedent holds that "there is no federal-question

3    jurisdiction over a lawsuit for damages brought under [a California statute], even

4    though the California statute makes a violation of the federal Americans with

5    Disabilities Act a violation of state law." (*Wander v. Kaus*, 304 F.3d 856, 857 (9th

6    Cir. 2002) (emphasis added).[1]

7         Counsel for Defendant has actual knowledge that removal of this case flies in

8    the face of the binding precedent, this analysis was transmitted to Defense Counsel

9    during the meet and confer process, along with multiple Central District Court

10   Orders that applied the same analysis; several of which were defended by the same

11   Defense Counsel and was cautioned by the Court.[2]  Defendant will not be able to

12

13   [1] None of the following cases found that federal question jurisdiction existed over Unruh Act claims for injunctive relief premised on ADA violations, or that supplemental jurisdiction should be exercised over related state claims for damages: *See Licea v. Reebok Int'l Ltd*, Case No. CV 19-970 TJH, 2019 WL 4014431, at *1 ("*Reebok*") (C.D. Cal. Aug. 23, 2019) ("*Wander* did not address whether a federal question is raised when the state law claim seeks injunctive relief and an element of the claim is satisfied by an ADA violation."); *Martinez v. Adidas Am, Inc.*, Case No. ED CV 19-841 (JGB) KKx, 2019 WL 3002864, at *4 (C.D. Cal. July 9, 2019) ("*Adidas*"); *Rutherford v. La Jolla Riviera*, Case No. 19cv1349 JM (MDD), (C.D. Cal. Nov. 19, 2019) ("*La Jolla*"); *Castillo v. Lindt and Sprungli USA*, Case No. 2:19-cv-08483-SVW-KS (C.D. Cal. Dec. 18, 2019) ("*Lindt*"); *Thurston v. ClearPath Lending, Inc.*, Case No. SA CV 18-2094 JVS (JDEx), 2019 WL 366405, at *4 (C.D. Cal. Jan. 28, 2019) ("*Clearpath*"); *Rios v. New York & Co., Inc.*, Case No. CV 17-4676 ODW (AGRx), 2017 WL 3575220, at *2 (C.D. Cal. Aug. 17, 2017) ("*New York & Co.*"); *Thurston v. Omni Hotels Mgmt. Corp.*, Case No. CV 16-2596 TJH (KKx), 2017 WL 3034333, at *1 (C.D. Cal. May 19, 2017) ("*Omni*"); *Thurston v. Container Store, Inc.*, Case No. CV 16-2658 SVW (DTB), 2017 WL 658806, at *2 (C.D. Cal. Feb. 16, 2017) ("*Container Store*"); *Jackson v. Yoshinoya Am. Inc.*, Case No. CV 12-8518 MMM (Ex), 2013 WL 865596, at *3 (C.D. Cal. Mar. 7, 2013); *Fontano v. Little Caesar Enterprises Inc*, Case No. CV 10-6707 GAF (FFMx), 2010 WL 4607021, at *2 (C.D. Cal. Nov. 3, 2010); *Carpenter v. Wu*, Case No. CV 08-5568 DSF (JTL), 2008 WL 4534270, at *2 (C.D. Cal. Oct. 1, 2008); *see also Pickern v. Best W. Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128, 1132 n.5 (E.D. Cal. 2002).

[2] Over a half-dozen of the improperly removed cases in footnote 1 above were brought by Defendant's counsel. *See La Jolla*, Case No. 19cv1349 JM (MDD), (C.D. Cal. Nov. 19, 2019); *Lindt*, Case No. 2:19-cv-08483-SVW-KS (December 18, 2019); *Greatcollections.com*, 2019 WL 4742299; *Reebok*, 2019 WL 4014431; *Adidas*, 2019 WL 3002864; *Matrix Health*, 2019 WL 2242074; *New York & Co.*, 2017 WL 3575220; *Omni*, 2017 WL 3034333; *Container Store*, 2017 WL 658806. Continually making the same losing arguments in support of removal, as Defendant does here, can be grounds for awarding attorney's fees. *See, e.g., Klawiter v. Ford Motor Co.*, Case No. 19cv1889 WHO, 2019 WL 2484321, at *3 (N.D. Cal. June 14, 2019).

cite a single instance where a comparable removal action survived a motion to remand. Sanctions are warranted against Defendant's counsel for repeatedly removing cases without legal justification, his past reprimand for doing same, his failure to call any contrary authority to the court's attention to distinguish, and ongoing pursuit of unsound legal theories that are objectively unreasonable.

Accordingly, Defendant failed to establish that this action arises under the laws of the United States, the action is not otherwise within the removal jurisdiction of this Court, Defendant does not claim there is any other basis for removal, Defendant improperly removed this action under 28 U.S.C. §§ 1331, 1441(a) and continues to make the same losing arguments, and should be subject to monetary sanctions.

## II.   ARGUMENT

### A.   <u>Applicable Law</u>

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 133 S.Ct. 1059, 1064 (2013 (*quoting Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994))). "The burden of establishing jurisdiction falls on the party invoking the removal statute, . . . which is **strictly construed *against* removal.**" *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (emphasis added). "The strong presumption against removal jurisdiction means that . . . the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks removed). The removal statute "is strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

### B.   <u>This Action Is Not Properly Removable Under 28 U.S.C. § 1331</u>

Federal question jurisdiction only exists where "1) federal law creates the cause of action; 2) under the artful pleading doctrine, the plaintiff's state law claims

1  should be recharacterized as federal claims; or 3) one or more of the state law claims

2  necessarily turns on the construction of a substantial, disputed federal question."

3  (*Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 343 (9th Cir.1996)). Here, Defendant

4  contends that Plaintiff's cause of action consists of a civil rights action that arises

5  under the ADA, and that the instant action thus is removable. (Notice of Removal,

6  ¶¶ 3-4).

7  **1.    Plaintiff Pleaded Intentional Discrimination As A Violation Of The Unruh Act That Is Independent Of Any ADA Violations**

8

9       In order to establish a violation of the Unruh Act independent of the ADA, a

10  plaintiff must plead and prove intentional discrimination. (*Greater Los Angeles*

11  *Agency on Deafness, Inc. v. Cable News Network, Inc.*, 742 F.3d 414, 425 (9th Cir.

12  2014).) This requires that the plaintiff "allege, and show, more than the disparate

13  impact of a facially neutral policy." (*Id.*)

14       The Federal Rules of Civil Procedure require a pleading contain "a short and

15  plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

16  Civ. P. 8(a)(2). It is well-established that a plaintiff need only plead "enough facts to

17  state a claim to relief that is plausible on its face." (*Bell Atl. Corp. v. Twombly*, 550

18  U.S. 544, 570 (2007).) A claim has "facial plausibility" if the plaintiff pleads facts

19  that "allow[] the court to draw the reasonable inference that the defendant is liable

20  for the misconduct alleged." (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).)  Plaintiff

21  need not plead with heightened particularity as is required certain causes of action.

22  See Fed. R. Civ. P. 9(b).  Rather, it is sufficient for Plaintiff to plead enough facts

23  making the claim <u>plausible</u>:

24   • "Based on information and belief, ***it is Defendant's policy and practice to deny Plaintiff, along with other blind or visually-impaired users, access*** to
25      Defendant's Website, and to therefore specifically deny the goods and services
26      that are offered and integrated with Defendant's brick-and-mortar locations and
         otherwise." (Compl. ¶ 30.) (emphasis added)

27   • "Plaintiff alleges that Defendant has engaged in acts of discrimination including,
28      but not limited to the following policies or practices: a. Construction and
         maintenance of a website that is inaccessible to visually-impaired individuals,

including Plaintiff; b. Failure to construct and maintain a website that is sufficiently intuitive so as to be equally accessible to visually-impaired individuals, including Plaintiff; and, c. Failure to take actions to correct these access barriers in the face of substantial harm and discrimination to blind and visually-impaired consumers, such as Plaintiff, as a member of a protected class." (Compl. ¶ 41.)

- "Defendant is violating the UCRA, Civil Code § 51 et seq., by denying visually-impaired customers the goods and services provided on its Website. These violations are ongoing." (Compl. ¶ 47.)

- "***Defendants' actions constitute intentional discrimination against Plaintiff*** on the basis of a disability, in violation of the UCRA, Civil Code § 51 *et seq.*, because of the following: Defendant has constructed a website that is inaccessible to Plaintiff; Defendant maintains the Website in this inaccessible format; and, Defendant has failed to take action to correct and remove these barriers even after being on notice of the discrimination that such barriers cause to persons with Plaintiff's disability." (Compl. ¶ 47.) (emphasis added)

Plaintiff here has sufficiently pled facts that Defendant's actions involve intentional discrimination that, taken as true, render his claims <u>plausible</u>.  Given the applicable pleading standard, and the sufficient language in the Complaint, there are *at least two* theories under which Defendant could be held liable for violating the Unruh Act, and the ADA is not "necessary element" to Plaintiffs cause of action. (*See Rains*, 80 F.3d at 346.)("When a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim.").

### 2. There Is No Federal Question Jurisdiction Over A Lawsuit Brought Only Under California's Unruh Act Even If A Violation Of The ADA Is Also A Violation Of The Unruh Act

Defendant does not and cannot dispute that Plaintiff pleaded no federal causes of action.  Plaintiff alleged *one* cause of action based on California law and a corollary cause of action for declaratory relief.

As Plaintiff acknowledges in his Complaint, a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).  However, removal remains "improper where a federal issue raised in a plaintiff's complaint is *merely collateral* to a state law claim." (*Jackson v. Yoshinoya America Inc.*, No. CV 12-08518 MMM EX, 2013 WL 865596, at *2 (C.D. Cal. Mar. 7, 2013) (emphasis in original) (citing

4A Charles A. Wright, Arthur R. Miller et al., Federal Practice and Procedure, § 3722 (4th ed. 2012))).  The federal question must be a necessary *element* of the state law claim before federal jurisdiction exists. (*Yoshinoya America Inc., supra,* 2013 WL 865596, at *2 (citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 812 (1986); *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13 (1983) ("some substantial, disputed question of federal law [must be] a necessary element of one of the well-pleaded state claims"))).

     ***"Courts have consistently held that the fact that state law incorporates the ADA as an element of a state law cause of action does not confer federal jurisdiction to hear the state claims."*** (*Yoshinoya America Inc.*, *supra,* 2013 WL 865596, at *2 (emphasis added) (referencing *Wander v. Kaus, supra,* 204 F.3d at 859) ("Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim"); *Pickern v. Best Western Tiber Cove Lodge Marina Resort,* 194 F.Supp.2d 1128, 1131 (E.D. Cal. 2002) ("The fact that an ADA violation may serve as an element of a state law claim does not automatically confer federal question jurisdiction"); and *Jairath v. Dyer,* 154 F.3d 1280, 1281 (11th Cir.1998) (holding that a claim arising under a Georgia state law that incorporated the ADA did not confer federal jurisdiction)).)

     Indeed, the Ninth Circuit has offered binding authority directly on this point. In *Wander v. Kaus*, the Ninth Circuit explicitly held:

> **"[t]here is no federal-question jurisdiction over a lawsuit for damages brought under [a California statute], even though the California statute makes a violation of the federal Americans with Disabilities Act a violation of state law. Congress intended that there be no federal cause of action for damages for a violation of Title III of the ADA.** To exercise federal-question jurisdiction in these circumstances would circumvent the intent of Congress. Federal-question jurisdiction is not created merely because a violation of federal law is an element of a state law claim."

(*Wander v. Kaus*, 304 F.3d at 857 (emphasis added); *see also Pickern v. Stanton's*

*Restaurant & Woodsman*, No. C 01–2112 SI, 2002 WL 143817 (N.D. Cal. Jan. 29, 2002) (holding that allegations of ADA violations as an element of a state claim for damages were insufficient to support federal question jurisdiction).)  In its removal papers, Defendant completely ignores this authority and simply states that "it appears from the Complaint that this is a civil rights action alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12182 *et seq.* (Complaint ¶¶ 12, 25, 25, and 48)." (Notice of Removal, ¶ 4). The fact that Plaintiff acknowledges that ADA violations are likewise Unruh Act violations does not make Plaintiff's claim removable.

More importantly, however, regardless of whether the Defendant's conduct also constitutes a violation of the ADA as a *per se* violation of the Unruh Act, Plaintiff has pleaded plausible intentional discrimination such that the ADA is not a "necessary element" to Plaintiffs cause of action, and the Complaint it not properly removable.  (*See Rains*, 80 F.3d at 346.)  Defendant thus has not and cannot overcome the presumption against removal, and this case must be remanded. (*See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377) (1994).)

## C.   <u>Because the Removal of This Action Was Not Objectively Reasonable, Plaintiff Should Be Awarded Her Attorney's Fees Incurred As A Result of the Removal</u>

Pursuant to 28 U.S.C. § 1447(c), Plaintiff requests an award of her attorney's fees incurred as a result of the improper removal of his action, which was not objectively reasonable. Counsel for Defendant has improperly removed Unruh Act cases in the past and has once again deliberately ignored the Ninth Circuit's binding precedent in *Wander v. Kaus*. (*See Ortiz v. American Florists' Exchange*, Case No. 15-CV-06251 DSF (C.D.Cal.) (Sept. 22, 2015) (Fischer) (OSC re Sanctions for this Defense counsel for **"repeated baseless removals of cases contrary to the binding precedent of *Wander v. Kaus***.") (*See* Request for Judicial Notice, **Exhibit 1).**[3]

---

[3] While the OSC re sanctions for removal was issued, Defense counsel was not sanctioned but was warned.

At least one district court has found a similar removal action to be objectively unreasonable. (*See J&P*, 2019 WL 1296876, at *2 (awarding plaintiff attorney's fees "because binding Ninth Circuit precedent clearly indicates that removal was improper, and because courts in this district have recently remanded cases on similar (in some cases nearly identical) facts")). Continually making the same losing arguments in support of removal, as Defendant does here, can be grounds for awarding attorney's fees. (*Klawiter v. Ford Motor Co.*, Case No. 19cv1889 WHO, 2019 WL 2484321, at *3 (N.D. Cal. June 14, 2019) ("Given the number of times courts have rejected these same arguments—as presented by Ford itself—the Klawiters are entitled to their actual expenses, including attorney fees, associated with Ford's removal of this case.")).

More recently, the same counsel for Defendant here again recently, and multiple times in 2019, ignored authority related to the theory that pleading intentional discrimination under the Unruh Act divests federal subject matter jurisdiction. (*Adidas*, Case No. 5:19-cv-00841-JGB-KK (C.D.Cal.) (July 9, 2019) (Bernal), Request for Judicial Notice, **Exhibit 2**; *La Jolla*, Case No. 19cv1349 JM (MDD), (C.D. Cal. Nov. 19, 2019), Request for Judicial Notice, **Exhibit 3**; *Lindt*, Case No. 2:19-cv-08483-SVW-KS (C.D. Cal. Dec. 18, 2019), Request for Judicial Notice, **Exhibit 4**) (*See also* footnote 2 herein).

Sanctions are warranted here. Defendant's counsel's improper and repeated removal in the face of authority, his past reprimand, and his failure to call any contrary authority to the court's attention and try to distinguish it, demonstrates that he has acted without legal justification and removal was not objectively reasonable.

Plaintiff respectfully requests that the Court order Defendant to pay $2,700.00 in attorney's fees, which were directly related to the preparation of the instant motion. It is anticipated that additional fees and costs will be incurred in replying to Defendant's opposition hereto, if any, and at the hearing of this Motion.

### III.    CONCLUSION

For the reasons set forth herein, Plaintiff respectfully requests that the Court remand this action to the Superior Court of California for the County of Los Angeles, award her attorneys fees in the amount of $2,700.00, and grant such further and other relief as the Court deems appropriate (*See* Declaration of Joseph R. Manning, Jr.).