# Exhibit A

**Brad Leimkuhler**

| | |
|---|---|
| **From:** | Tristan Jankowski <tristanj@manninglawoffice.com> |
| **Sent:** | Monday, December 23, 2019 1:56 PM |
| **To:** | Greg Hurley |
| **Cc:** | Michael Chilleen; Brad Leimkuhler; Joe Manning; Michael Manning |
| **Subject:** | RE: Castillo v. Tamara Mellon Brand, Inc. - Meet and Confer- remand |

Mr. Hurley,

Your letter makes explicit the improper purpose for which you have removed this action:

> "If you will stipulate that you are not alleging violations of the ADA in this suit we will immediately stipulate to a remand. Otherwise, we need to proceed with this process <u>so that when you ask the Court to enter a jury instruction for violations of the ADA we have the record to oppose that</u>."

You have acknowledged in your letter that plaintiff's allegations are such that they do not confer federal jurisdiction and that you instead removed and now seek a conditional stipulation as a tactic you believe strengthens your hand in state court. Thus, your use of the removal process is frivolous and sanctionable.

Most recently, last week, in *Castillo v. Lindt and Sprungli USA Inc.*, Case No. 2:19-cv-08483-SVW-KS (Dec. 19, 2019), Judge Wilson remanded another complaint you improperly removed. While he did not order sanctions, your practice of repeatedly making the same losing argument will be drawn to this Court's attention here should you proceed.

As you are well aware, Plaintiff's complaint pleads intentional discrimination. (Compl. ¶¶ 30, 47). Because a UCRA claim independent of an ADA claim is plausible, this action is properly litigated in state court. Judge Miller identified this in his *La Jolla Riviera* remand order (page 10), and rejected your requirement that plaintiff must stipulate to no reliance on the ADA in order to remand (page 11).

Remand is required here as courts in the CDCA have ruled in several other cases that you have removed on similar grounds. This is illustrated by the most recent order by Judge Miller where your arguments were rejected once again:

> "The objective reasonableness of Defendant's removal action is at least questionable, however, because, as discussed above, district courts have repeatedly, and in apparent uniformity, found similar removal actions to be improper. Over a half-dozen of these improperly removed cases were brought by Defendant's counsel. *See Greatcollections.com*, 2019 WL 4742299; *Reebok*, 2019 WL 4014431; *Adidas*, 2019 WL 3002864; *Matrix Health*, 2019 WL 2242074; *New York & Co.*, 2017 WL 3575220; Omni, 2017 WL 3034333; *Container Store*, 2017 WL 658806. **Continually making the same losing arguments in support of removal, as Defendant does here, can be grounds for awarding attorney's fees**. *See, e.g., Klawiter v. Ford Motor Co.*, Case No. 19cv1889 WHO, 2019 WL 2484321, at *3 (N.D. Cal. June 14, 2019). The **Defendant does not cite a single instance where a comparable removal action survived a motion to remand**." (emphasis added)

*Rutherford v. La Jolla Riviera*, Case No. 19cv1349 JM (MDD) (C.D. Cal. Nov. 19, 2019) at 12. (attached)

You are repeatedly making the same removal arguments and it is obvious that you do not have confidence in your removal argument because you twice recently stipulated with us to <u>unconditionally</u> remand two cases with identical arguments to remove (*Do v. Hillstone* and *Mageno v. Levity*); but only after motions to remand were fully briefed and having burdened all parties and the court.

1

**We reject your proposed stipulation and offer the same deal you took in *Hillstone* and *Levity*. We will waive sanctions in return for an unconditional stipulation to remand. If we are required to file a motion to remand *again*, we will not withdraw our request for sanctions which at some point, maybe here, will be granted.**

You also present a misleading argument as to sanctions ordered in the *Mammoth* court. Those sanctions were not related the substance of the pending motion in that case, which the court never ruled upon substantively, deeming it moot in light of the apparent resolution by the parties via stipulation. The *Mammoth* sanctions related exclusively to plaintiff's counsel's inadvertent appearance at the wrong branch of the court and were calculated solely to reimburse defense counsel for time spent traveling. Misrepresenting the purpose of these sanctions violates your duty of candor to the court and is itself sanctionable.

As for your reference to the completely unrelated civil action brought by the Riverside DA, you know very well the unverified complaint that formed the basis of that lawsuit was dismissed with prejudice and Judge Miller in the *La Jolla Riviera* remand order chastised you for failing to disclose that fact (page 13).  Doing so again here is both unprofessional and will also violate your duty of candor to the court.

We will address the other objectionable elements of your pleadings under separate cover.



Tristan P. Jankowski, Esq.
Attorney

20062 S.W. Birch St., Suite 200 • Newport Beach, CA 92660
Tel: Office (949) 200-8755 • Direct (949) 478-5388 • Fax: (866) 843-8308
tristanj@manninglawoffice.com
www.ManningLawAPC.com

PLEASE NOTE: (1) This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 USC Sections 2510-2521, is privileged, confidential and protected from disclosure.  If you have received this e-mail in error or are not the intended recipient, you may not use, copy or disclose this message or any information contained in or with it to anyone.  Should this occur, please notify the sender by reply e-mail and delete the message in its entirety.  The sender does not intend to waive and does not waive any privilege(s) or the confidentiality of the message(s) and/or attachment(s); (2) You do not become a client of Manning Law, APC or any of its attorneys unless you enter into a written agreement signed by you and Manning Law, APC.  The agreement must also spell out the scope of the work that is to be done. Simply sending an inquiry by mail, telephone, fax, or email does not establish an attorney-client relationship with either Manning Law, APC or any of its attorneys. Thank you.

**From:** Greg Hurley <GHurley@sheppardmullin.com>
**Sent:** Saturday, December 14, 2019 9:10 AM
**To:** Tristan Jankowski <tristanj@manninglawoffice.com>

**Cc:** Michael Chilleen <MChilleen@sheppardmullin.com>; Brad Leimkuhler <BLeimkuhler@sheppardmullin.com>
**Subject:** RE: Castillo v. Tamara Mellon Brand, Inc. - Meet and Confer- remand

   Attached is the transcript of your *Garcia v Juniper Springs* case where the Court did sanction you on your motion for remand. In all of the cases where we have sought removal to federal court we have made it clear that if you were not alleging violations of the ADA that we would stipulate to a remand. Since we both know that you in fact intend to try to prosecute these cases in State Court alleging  violations and the relief afforded under the ADA  you have not been willing to make that stipulation, and that is what lead to the sanctions against you in the above transcript.

   **If you will stipulate that you are not alleging violations of the ADA in this suit we will immediately stipulate to a remand**. Otherwise, we need to proceed with this process so that when you ask the Court to enter a jury instruction for violations of the ADA we have the record to oppose that.

   We will respond separately to your demands regarding affirmative defense. However, we will not drop the screen shots that show that your website violates the same standards that you seek to impose on our client. Law offices are specifically enumerated as "Places of Public Accommodation" under the ADA . As shown below your website is completely unreadable by a screen reader. If Castillo could access your website she certainly could access my clients.

   We will also not drop the allegations that Castillo is not a bona fide user of the website. You are already facing a fraud lawsuit by the State of California for your ADA lawsuits, we suspect that this is part of the same pattern and practice.



4



Thanks

**Greg Hurley**
**949 282 9530**
GHurley@sheppardmullin.com

**Sheppard**Mullin
650 Town Center Drive, 4th Floor
Costa Mesa, CA 92626-1993
+1 714-513-5100 | main
www.sheppardmullin.com

---

**From:** Tristan Jankowski <tristanj@manninglawoffice.com>
**Sent:** Friday, December 13, 2019 1:54 PM
**To:** Greg Hurley <GHurley@sheppardmullin.com>
**Cc:** Joe Manning <jmanning@manninglawoffice.com>; Michael Manning <mike@manninglawoffice.com>; Diana X. Lopez <dianal@manninglawoffice.com>; Michael Chilleen <MChilleen@sheppardmullin.com>; Brad Leimkuhler

<BLeimkuhler@sheppardmullin.com>
**Subject:** Castillo v. Tamara Mellon Brand, Inc. - Meet and Confer

Mr. Hurley,

As you well know – due to the *several* cases in the Central District that have been remanded after you removed on identical bases (and two that you agreed to unconditionally stipulate to remand) – this case is not properly removable under your theory that Unruh Act claims based on violations of the ADA provide for federal question jurisdiction, as the Ninth Circuit has confirmed in its controlling and precedential opinion in *Wander v. Kaus*, 304 F.3d 856 (9th Cir. 2002).

Please advise if you will stipulate to remand or we will move to remand.  If you refuse to stipulate, we will seek attorneys fees because of your actual knowledge that removal of this case flies in the face of the binding precedent of *Wander v. Kaus* and is also a violation of Rule 11.

Recall that we prevailed recently in a motion to remand in San Diego (La Jolla Riviera) and the Court would have sanctioned you but for other concerns not present here. We expect monetary sanctions to be awarded here.

I am also writing to meet and confer about improperly attached exhibits to Defendant's Answer.  We request that you delete Exhibits A – E because they are not legally operative documents. As such, they should not be attached to the Answer and are subject to a Motion to Strike under FRCP 12(f).  See FRCP 10(c); *DIchter-Mad Family Partners, LLP v. United States,* 707 F. Supp. 2d 1016, 1019 (C.D. Cal. 2010) FRCP 10(c) only permits the incorporation of legally-operative written instrument such as a contract, check, letter or affidavit). Nor are the documents integral to defendant's claim or defenses. *United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).*

You also know very well that Exhibit A (Dominos district court ruling) was reversed by the Ninth Circuit, which held that (1) Title III of the ADA and the Unruh Act cover websites with a nexus to a physical place of public accommodation; (2) imposing liability on businesses for not having an accessible website does not violate the due process rights of public accommodations even in the absence of website accessibility regulations, and (3) reversal of dismissal claims under the Unruh Act was appropriate. (*Robles v. Domino's Pizza LLC*, 913 F.3d 898, 2019 WL 190134 (9th Cir. January 15, 2019)). By the same token, Defendant has improperly attached Exhibits C-E in support of sixteenth affirmative defense of ripeness/lack of due process, which you know was directly rejected by Ninth Circuit binding precedent of Dominos.  We request that you delete these exhibits and the sixteenth affirmative defense of the Answer.

Additionally, a several other affirmative defenses are subject to a Motion to Strike and we request that you delete them:
- First Affirmative Defense, Standing – this lacks requisite specificity in order to permit Plaintiff to develop a response, and it is insufficient.
- Second Affirmative Defense, Statute of Limitations – there are no facts or grounds for this defense.
- Third Affirmative Defense, Effective Access – this also lacks requisite specificity in order to permit Plaintiff to develop a response, and it is insufficient.
- Fourth Affirmative Defense, Removal of barriers not readily achievable – Defendant is merely claiming that complying with the law would be difficult.  This unsubstantiated assertion bears no relation to this action and should be struck.
- Fifth Affirmative Defense, Alternate Methods – This is too vague to provide Plaintiff with any notice as to the nature of this affirmative defense and should be struck.
- Sixth Affirmative Defense, Unclean Hands – without any facts as to why Plaintiff has unclean hands, this defense is entirely unintelligible.
- Seventh Affirmative Defense, Technically Infeasible – again, this lacks specificity or facts in order for Plaintiff to develop a response, and it should be stricken.
- Eighth Affirmative Defense, Undue Burden – should be stricken for same reasons as fourth and seventh affirmative defenses.
- Ninth Affirmative Defense, Reasonable Modifications – there is no requirement that Plaintiff first request reasonable modifications for this case.

- Tenth Affirmative Defense, Failure to Mitigate Damages - this lacks specificity or facts in order for Plaintiff to develop a response.
- Eleventh Affirmative Defense, Fundamental Alteration - should be stricken for same reasons as fourth, seventh, and eighth affirmative defenses.
- Twelfth Affirmative Defense, Legitimate Business Justification - this lacks specificity or facts in order for Plaintiff to develop a response to exactly know how or why defendant has an excuse or justification.
- Thirteenth Affirmative Defense, Good Faith – this fails as a matter of law because a plaintiff bringing a discrimination claim does not need to show intentional discrimination. There is also lack of specificity for Plaintiff to develop a response.
- Fourteenth Affirmative Defense, Mootness – Defendant's imprecise claim of mootness fails for the same reasons discussed above. There is no indication of why Plaintiff's claims are moot.
- Fifteenth Affirmative Defense, Equivalent Facilitation – Defendant has not pointed to a single instance of where this alleged equivalence has arisen or explained how such a statement would absolve Defendant of liability, and should also be struck.
- Sixteenth Affirmative Defense, Ripeness/Due Process – see above regarding Ninth Circuit Dominos opinion
- Seventeenth Affirmative Defense, Ripeness/Due Process – Primary Jurisdiction – should be stricken for same reasons as sixteenth affirmative defense.
- Eighteenth Affirmative Defense, Due Process - should be stricken for same reasons as sixteenth affirmative defense.
- Twentieth Affirmative Defense, Effective Communication - should be stricken for same reasons as fourth, seventh, eighth, and eleventh affirmative defenses.
- Twenty-First Affirmative Defense, Technically Infeasible - should be stricken for same reasons as fourth, seventh, eighth, eleventh, and twentieth affirmative defenses.
- Twenty-Second Affirmative Defense, Indispensable Party – should be stricken because this lacks specificity or facts in order for Plaintiff to develop a response and defendant has identified no other person who is an indispensable party.

**Please advise no later than December 20, 2019, if you will stipulate to unconditionally remand and delete the improper exhibits and affirmative defenses of the Answer that are subject to a Motion to Strike.** Be advised that although we expect remand to be granted, in an effort to minimize the burden on the court of unnecessary law and motion, we will delay any motion to strike until after the court rules on the motion to remand.



Tristan P. Jankowski, Esq.
Attorney

20062 S.W. Birch St., Suite 200 • Newport Beach, CA 92660
Tel: Office (949) 200-8755 • Direct (949) 478-5388 • Fax: (866) 843-8308
tristanj@manninglawoffice.com
www.ManningLawAPC.com

**PLEASE NOTE**: (1) This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 USC Sections 2510-2521, is privileged, confidential and protected from disclosure.  If you have received this e-mail in error or are not the intended recipient, you may not use, copy or disclose this message or any information contained in or with it to anyone.  Should this occur, please notify the sender by reply e-mail and delete the message in its entirety.  The sender does not intend to waive and does not waive any privilege(s) or the confidentiality of the message(s) and/or attachment(s); (2) You do not become a client of Manning Law, APC or any of its attorneys unless you enter into a written agreement signed by you and Manning Law, APC.  The agreement must also spell out the scope of the work that is to be done. Simply sending an inquiry by mail, telephone, fax, or email does not establish an attorney-client relationship with either Manning Law, APC or any of its attorneys. Thank you.

<u>Attention:</u> This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.