**REMAND / JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-10466-GW-MRWx | Date | February 10, 2020 |
|---|---|---|---|
| Title | *Rebecca Castillo v. Tamara Mellon Brand, Inc., et al.* | | |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Terri A. Hourigan | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Osman M. Taher | Bradley J. Leimkuhler |

**PROCEEDINGS:** MOTION TO REMAND ACTION TO THE SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF LOS ANGELES AND FOR $2,700.00 IN SANCTIONS [11]

Court and counsel confer. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. Plaintiff's Motion to Remand is GRANTED. Request for Sanctions is DENIED.

: 01

Initials of Preparer JG

*Castillo v. Tamara Mello Brand, Inc. et al.*; Case No. 2:19-cv-10466-GW-(MRWx)
Tentative Ruling on Motion to Remand

**I. Background**

Tamara Mellon Brand, Inc. ("Defendant") removed this case to federal court on December 11, 2019, asserting in its notice of removal that there is federal question jurisdiction because the state court complaint is premised on violation of the Americans with Disabilities Act ("ADA"). *See* Defendant Tamara Mellon Brand, Inc.'s Notice of Removal of Action Under 28 U.S.C. § 1441(a). Rebecca Castillo's ("Plaintiff") Complaint alleges that she is blind and that Defendant's website is not accessible to her, which has prevented her from accessing Defendant's goods and services. *See* Complaint, ¶¶1-2, Docket No. 1-1. The state court complaint includes a single cause of action for "Violation of the Unruh Civil Rights Act", and alleges liability based on intentional discrimination as well as conduct which "violates various provisions of the [ADA]." *Id.* ¶¶ 46-47. Plaintiff seeks both statutory damages and injunctive relief under the Unruh Act, as well as reasonable attorney's fees. *Id.* at 17-18.

Plaintiff filed a motion to remand on January 10, 2020, seeking to remand this case to Los Angeles Superior Court. *See* Notice of Motion and Motion to Remand Action to the Superior Court of California for the County of Los Angeles and for $2,700.00 in Sanctions ("Motion"), Docket No. 11. Defendant filed an opposition. *See* Defendant's Opposition to Motion to Remand ("Opp."), Docket No. 14. Plaintiff filed a reply. *See* Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion to Remand ("Reply"), Docket No. 16.

Plaintiff's motion asserts that because the sole cause of action alleged in the Complaint is a violation of state law, federal jurisdiction does not exist. *See generally* Motion. Defendant argues that because Plaintiff seeks injunctive relief as well as damages, this case is distinguishable from binding Ninth Circuit precedent holding that Unruh Act damages claims cannot create federal jurisdiction. *See generally* Opp.

**II. Legal Standard**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). An action in state court can generally be

1

removed to federal court when the case could have originally been brought in federal court. 28 U.S.C. § 1441; *see Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 563 (2005). The defendant bears the burden of proving removal jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121-22 (9th Cir. 2014). Any doubt regarding removal jurisdiction is construed against the defendant and in favor of remanding the case to state court. *Gaus v. Miles, Inc*. 980 F.2d 564, 566 (9th Cir. 1992); *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("[T]he court resolves all ambiguity in favor of remand to state court.").

Federal courts have original jurisdiction over all civil actions that arise under federal law. 28 U.S.C. § 1331. A case may arise under federal law where "it appears that some substantial, disputed question of federal law is a necessary element of one of the well pleaded state claims." *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Tr. for Southern Cal.*, 463 U.S. 1, 13 (1983); *see also Armstrong v. N. Mariana Islands*, 576 F.3d 950, 955 (9th Cir. 2009). "When a claim can be supported by alternative and independent theories – one of which is a state law theory and one of which is a federal law theory – federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996).

Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[A] case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). "The plaintiff is the master of his or her complaint and may avoid federal jurisdiction by exclusive reliance on state law." *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997); *see also ARCO Envt'l. Remediation, L.L.C. v. Dep't. of Health and Envt'l Quality of the State of Mont.*, 213 F.3d 1108, 1114 (9th Cir. 2000).

**III. Analysis**

*a. Plaintiff's Complaint adequately pleads a state law theory of liability*

Plaintiff's Complaint does not affirmatively state a cause of action under the ADA. See generally Dkt. 1-1. It does, however, include specific allegations of intentional discrimination which distinguishes liability under the Unruh Act from liability via ADA violation. *See* Complaint ¶ 47; *see also Castillo v. Lundt and Sprungli USA Inc.*, Case No. 2:19-cv-08483-SVN-KS, 2019 WL 6910354, at *2 (C.D. Cal. Dec. 18, 2019). Accordingly, the Court would conclude that under

*Rains*, Plaintiff has adequately pled an independent state law basis for liability under the Unruh Act (via intentional discrimination), and therefore federal question jurisdiction does not attach. 80 F.3d at 346; *see also Lundt and Sprungli*, 2019 WL 6910354, at *2. "Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim." *Wander v. Kaus*, 304 F.3d 856, 859 (9th Cir. 2002).

Defendant also argues that because the Ninth Circuit in *Wander* did not address the inclusion of injunctive relief claims (because the injunctive claims in that case had previously been dismissed as moot), federal question jurisdiction exists for injunctive relief claims under the Unruh Act. *See* Opp. at 4. This Court follows the substantial majority of courts in this district in holding that a claim for injunctive relief potentially premised on ADA violations incorporated into the Unruh Act does not create federal jurisdiction. *See e.g. Lundt and Sprungli*, 2019 WL 6910354, at *2; *Thurston v. ClearPath Lending, Inc.*, Case No. SACV 18-2094-JVS-(JDEx), 2019 WL 366405, at *4 (C.D. Cal. Jan. 28, 2019).

### b. Plaintiff's request for attorney's fees.

Following remand of a case after unsuccessful removal, the district court may, in its discretion, award attorney's fees "incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court declines to award attorney's fees in this instance. Because *Wander* does not directly foreclose Defendant's argument regarding the inclusion of a request injunctive relief, in the absence of binding precedent the Court would conclude that an award of attorney's fees is not appropriate. *See Lundt and Sprungli*, 2019 WL 6910354, at *2 (similarly declining to award attorney's fees).